# Exhibit 1

Envelope: 2460385

RS

IN THE CIRCUIT COURT OF PRINCE GEORGE'S COUNTY

| | |
|---|---|
| **Dabney Clifton**<br>510 CR 247<br>Valley View, Tx 76272<br><br>**Plaintiff,**<br><br>v.<br><br>**Frances Dawn Halfaker**<br>3512 Lowell St NW<br>Washington, D.C. 20016<br><br>**Defendant.** | Case No. C-16-CV-26-000149<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT WITH JURY DEMAND**

Plaintiff Dabney Clifton ("Plaintiff") makes and files this Complaint against Frances Dawn Halfaker ("Defendant"), and in support would respectfully show the Court the following:

**Parties**

1. Plaintiff is an individual resident of and is domiciled in Texas.

2. Defendant, on information and belief, is an individual who resides and is domiciled in the District of Columbia. Defendant's last known address is 3512 Lowell St NW, Washington, D.C. 20016.

**Jurisdiction and Venue**

3. Subject matter jurisdiction is proper in this Court pursuant to Md. Code, Courts & Judicial Proceedings § 1-501.

1

4. This Court has personal jurisdiction over Defendant pursuant to Md. Code, Courts & Judicial Proceedings § 6-103(b)(3) as Defendant caused tortious injury to Plaintiff in the State by an act or omission in the State.

5. Venue is proper in this Court under Md. Code, Courts & Judicial Proceedings § 6-202(11) as Defendant is a nonresident individual.

**Factual Background**

6. Plaintiff and Defendant met in college at West Point, where they both played on the women's basketball team. They remained friends during their time in the Army, during which Plaintiff flew AH-64D Apache helicopters, deploying to both Kosovo and Iraq. After Plaintiff separated from her husband in late 2020, Plaintiff and Defendant began a romantic relationship.

7. During their relationship, Defendant often was physically violent with Plaintiff, and at various times hit her, kicked her, pulled her hair, and spat in her face. Defendant would also scream at Plaintiff, scream at her using profanity, and physically threaten Plaintiff, both publicly and in private.

8. Specifically, on January 12, 2023, at the MGM Hotel and Casino in Oxon Hill, Defendant, who had been drinking heavily, erupted at Plaintiff without warning in front of friends and business associates. Plaintiff quietly excused herself from the table. When a friend followed to check on Plaintiff, Defendant began screaming at the friend. Defendant then physically lunged at Plaintiff, requiring the friend to restrain her.

9. Defendant then stormed off, and proceeded to leave the building. Plaintiff asked that she not drive, and suggested the two remain at the hotel so that Defendant could sober up, or, alternatively, that Plaintiff drive her home instead. Defendant did not agree and proceeded to stumble into her car. Plaintiff got into the car on the passenger side again pleading with Defendant not to drive in her condition, at which point Defendant struck Plaintiff repeatedly in the head/neck

2

while screaming for Plaintiff to get out of the vehicle and cursing at her in front of several bystanders. When Plaintiff exited the car, an intoxicated Defendant drove off, abandoning Plaintiff without a purse, credit cards, or identification late at night. When Plaintiff finally made it home and entered the bedroom, Defendant chased her out of the house while screaming and cursing at her. Plaintiff left her own home due to Defendant's threats.

10. The morning after this incident, Defendant stated: "I remember some of last night and I am really embarrassed. I saw some of the texts I sent you as well. I just want to move forward and not talk about it again." Plaintiff requested they discuss the matter further, but Defendant grew angry and stated Plaintiff only wanted to discuss the incident to shame her and make her feel guilty.

11. Many similar incidents occurred over the course of the parties' relationship as Defendant regularly used both physical violence and financial threats in order to exercise control over Plaintiff. Defendant's abusive behavior and attempts to intimidate Plaintiff have even continued after their relationship ended. For example, in 2025, Defendant claimed for the first time that a $360,000 gift she had given Plaintiff several years ago was really a loan, and presented Plaintiff with a forged loan document and demanded that the loan be repaid.

## Count I – Civil Battery

12. Plaintiff realleges and incorporates paragraphs 1 to 11 as if fully set forth herein.

13. As partially set forth in detail above, Defendant has willfully and maliciously committed physical violence against Plaintiff, including blows to Plaintiff's head and neck area. This violence was unprovoked by Plaintiff and was made with malice and with the intent on the part of Defendant to severely injure and instill fear and compliance in Plaintiff.

14. These batteries committed by Defendant were intentional, unpermitted, harmful, and offensive contacts with Plaintiff, and were the proximate cause of Plaintiff's physical injuries and mental suffering, including both fear and shame.

15. As a direct and proximate result of Defendant's conduct, Plaintiff was required to obtain medical services (including mental health treatment) and will, in the future, be compelled to incur additional obligations for such treatment in an amount to be determined by proof at trial.

16. Because Defendant's acts were done knowingly, willfully, and with malicious intent, Plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

### Count II - Intentional Infliction of Emotional Distress

17. Plaintiff realleges and incorporates paragraphs 1 to 16 as if fully set forth herein.

18. The physical violence, threats, and abuse described above, as well as other acts of Defendant, constitute extreme and outrageous conduct on Defendant's behalf. Defendant's actions were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable.

19. Defendant committed these actions with the intent to cause Plaintiff severe emotional distress, or, alternatively, with reckless disregard of whether such actions would cause Plaintiff severe emotional distress.

20. Plaintiff suffered severe emotional distress as a direct and proximate cause of Defendant's actions. Such distress is of such an acute nature that harmful physical consequences are likely to result.

21. The actions of Defendant were willful, wanton, and malicious. As a result, Plaintiff is entitled to an award of punitive damages in an amount to be determined by proof at trial.

### Prayer for Relief

22. WHEREFORE, Plaintiff seeks damages in excess of $75,000 and requests that the Court:

    A. Hold Defendant liable on one or more of Plaintiff's claims;

    B. Award Plaintiff her actual damages as determined by the trier of fact;

    C.     Award Plaintiff punitive and exemplary damages;

    D.     Award Plaintiff her reasonable costs and attorney's fees;

    E.     Award Plaintiff pre-judgment interest and post-judgment interest on the entire amount of the judgment from the date entered until the date fully paid; and

    F.     Grant Plaintiff such other and further relief as the Court may deem just and equitable.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 12, 2026          Respectfully submitted,

/s/
Renee L. Bowen, Esq. (1506160032)
FRANKLIN & PROKOPIK, P.C.
THE B & O BUILDING
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
Telephone: (410) 230-3943
Fax: (410) 752-6868
Email: rbowen@fandpnet.com

BRETT CHARHON
(*application pro hac vice pending*)
  Texas State Bar No. 24040674
  bcharhon@ccrglaw.com
PAUL WILLIAMS
(*application pro hac vice pending*)
  Texas State Bar No. 00798586
  pwilliams@ccrglaw.com
**CHARHON CALLAHAN ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Plaintiff Dabney Clifton*

Envelope: 2460385

IN THE CIRCUIT COURT OF PRINCE GEORGE'S COUNTY

| | |
|---|---|
| **DABNEY CLIFTON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FRANCES DAWN HALFAKER**<br><br>**Defendant.** | Case No. C-16-CV-26-000149 |

## LINE REQUESTING ISSUANCE OF SUMMONS

Please issue a summons for Defendant, Frances Dawn Halfaker, as follows and return same to the undersigned's attention for service:

Frances Dawn Halfaker
3512 Lowell St NW
Washington, D.C. 20016

Respectfully submitted,

_____/s/_____
Renee L. Bowen (1506160032)
Franklin & Prokopik
The B & O Building
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 230-3943
(410) 752-6868 (fax)
rbowen@fandpnet.com
*Attorneys for Plaintiff*

14735 Main Street, Upper Marlboro, Maryland, 20772    Envelope: 2460992
Circuit Court Clerks: 301-952-3318   Calendar Management: 301-952-3850



**To:** FRANCES DAWN HALFAKER
3512 LOWELL ST NW
WASHINGTON, DC 20016

Case Number:   C-16-CV-26-000149
Other Reference Number(s):
Child Support Enforcement Number:

**DABNEY CLIFTON VS. FRANCES HALFAKER**

Issue Date: 1/12/2026

# WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this court, to the attached complaint filed by:

DABNEY CLIFTON
510 CR 247
VALLEY VIEW, TX  76272

This summons is effective for service only if served within 60 days after the date it is issued.

*Mahasin El Amin*

Mahasin El Amin #845
Clerk of the Circuit Court

To the person summoned:
   Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
   Personal attendance in court on the day named is NOT required.
   It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

# SHERIFF'S RETURN
### (please print)

To: FRANCES DAWN HALFAKER

_____ ID# _____ of the _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
Name of person served

on _____ at _____
Date of service         Location of service

_____ by _____ with the following:
                         Manner of service

- [ ] Summons
- [ ] Complaint
- [ ] Motions
- [ ] Petition and Show Cause Order
- [ ] Other _____

- [ ] Counter-Complaint
- [ ] Domestic Case Information Report
- [ ] Financial Statement
- [ ] Interrogatories

Please specify

(2) Was unable to serve because:
- [ ] Moved left no forwarding address
- [ ] Address not in jurisdiction
- [ ] No such address
- [ ] Other _____

Please specify

Sheriff fee: $ _____    [ ] waived by _____

_____    _____
Date                  Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).